# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FRANCISCO JAVIER GUERRA,

       Applicant,

    v.                             No. CV 10-353 MV/CG

ERIC HOLDER, et al.,

       Respondents.


## ORDER DENYING RESPONDENT'S MOTION FOR EXTENSION

**THIS MATTER** is before the Court on Respondent's *Motion for Extension of Time to Answer Petitioner's Writ of Habeas Corpus* ('Motion') filed September 16, 2010. (Doc. 7). Respondent's have not informed the Petitioner of the Motion and presume that the Petitioner opposes the Motion. *Id.* at 2. Petitioner, a native of Mexico, states that he was taken into custody by U.S. Immigrations and Customs Enforcement ('ICE') on August 13, 2009, after having violated the terms of his parole in California. (Doc. 1 at 4-5). Petitioner also states that an Immigration Judge ordered that he be removed to Mexico on February 24, 2010. *Id* at 3. Petitioner further alleges that, in light of *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and *Clark v. Martinez*, 543 U.S. 371, 386-87 (2005), his continued detention beyond the six-month period is unconstitutional. (Doc. 1 at 6-7).

Under the alleged facts, the Court is required to determine whether there is a "reasonable" likelihood of removal in the "foreseeable future." *Zadvydas*, 533 U.S. at 699-700; *see also Roble v. Pontesso*, No. 03-1098, 90 Fed.Appx. 334, 2004 WL 363478 at **3 (10th Cir. Feb. 27, 2004) (unpublished). Petitioner alleges that there is no

reasonable likelihood that he will be removed to Mexico in the foreseeable future. (Doc. 1 at 7-8). Because Petitioner has been detained for more than six months, the government is required to rebut petitioner's showing regarding the likelihood of his timely removal. *See Abiodun v. Mukasey*, No. 07-1266, 264 Fed.Appx. 726, 729, 2008 WL 360604 (10th Cir. Fed. 11, 2008) (unpublished).

To support his Motion, Respondent merely alleges that he is continuing to research the underlying habeas petition and that he is still attempting to determine the status of Petitioner's removal proceedings. (Doc. 7 at 1). The Court notes that Petitioner has been in ICE's custody for over one year and that the underlying habeas petition has been pending for over six months. Therefore, having been fully advised in this matter, and having considered the length of Petitioner's detention and the relevant case law, the Court concludes that Respondent's request for an extension of time is unreasonable. If Respondent wishes to argue that Petitioner's release is in the foreseeable future or that Petitioner failed to cooperate with ICE, he should do so in his Answer to Petitioner's Writ of Habeas Corpus.

**IT IS HEREBY ORDERED** that Respondent's *Motion for Extension of Time to Answer Petitioner's Writ of Habeas Corpus* (Doc. 7) is **DENIED**; Respondent will have until September 20, 2010 to file an Answer to Petitioner's Writ of Habeas Corpus.

_____
HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE