IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO JAVIER GUERRA,

       Petitioner,

v.                                           No. CV 10-353 MV/CG

ERIC HOLDER, et al.,

       Respondents.

## ORDER APPOINTING COUNSEL

**THIS MATTER** is before the Court on Petitioner's *Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* ('Petition') and Respondent's *Motion for Summary Judgment on Petitioner's Writ of Habeas Corpus* ('Motion). (Doc. 1; Doc. 9). Upon a review of the Petition and the Motion for Summary Judgment and being fully advised in this matter, the Court determines that the interests of justice require that counsel be appointed to represent Petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B). Appointment of counsel is necessary due to the novelty of the legal issues raised in this case.

      Petitioner claims that he has been held in custody by U.S. Immigration and Customs Enforcement ('ICE') for over a year and that the length of his detention is unconstitutional as per *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that detention of an illegal alien for more than six months following a final order of removal is presumptively unreasonable). (Doc. 1 at 6-7). Respondent contends that Petitioner has not yet been subject to a final order of removal and that Petitioner is therefore not entitled to relief under *Zadvydas*. (Doc. 9 at 4-5). Respondent claims that Petitioner is

being detained pursuant to 28 U.S.C. § 1226(c)(e), which provides for the arrest and detention of certain aliens while removal proceedings are ongoing.  (Doc. 9 at 5-7).

Notwithstanding Respondent's contentions regarding the inapplicability of *Zadvydas*, Respondent candidly admits that the length of an alien's detention pursuant to 28 U.S.C. § 1226(c)(2) may give rise to constitutional concerns and that this area of the law is unsettled: "The [Supreme] Court . . . while rejecting the argument that it is *per se* unconstitutional to mandatorily detain certain aliens [pursuant to  28 U.S.C. § 1226(c)] . . ., did not specifically address whether § 1226(c)'s mandatory detention could be unconstitutional in particular cases." (*Id.* at 8).  Respondent further states that two Circuit Courts of Appeals and several District Courts have read a time or reasonableness restriction into  § 1226(c) detentions, while another Circuit Court of Appeals has declined to do so.  (*See Id.* at 9, surveying cases). The Tenth Circuit has yet to determine whether a  § 1226(c) detention may be subject to constitutional challenge based solely on the length of the detention.  (*Id.* at 9).

Therefore, because of the novelty and complexity of the legal issues raised by Respondent's Motion and the underlying Petition, this Court determines that the interests of justice warrant appointment of counsel in this case.

**IT IS HEREBY ORDERED** that the Federal Public Defender be appointed to represent Petitioner; and

**IT IS FURTHER ORDERED** that Petitioner's counsel shall have thirty days from the date of appointment to file a Response to Respondent's *Motion for Summary Judgment on Petitioner's Writ of Habeas Corpus.*  (Doc. 9).

_____

HONORABLE CARMEN E. GARZA

UNITED STATES MAGISTRATE JUDGE