IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO JAVIER GUERRA,

      Petitioner,

v.                                          No. CV 10-353 MV/CG

RAY TERRY,

      Respondent.

## MEMORANDUM OPINION AND ORDER DISMISSING PETITION

**THIS MATTER** is before the Court on the United States Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 15), filed January 5, 2011. The Magistrate Judge recommended that Respondent's Motion for Summary Judgment be granted. *Id*. On January 13, 2011, Respondent filed objections to the Proposed Findings (Doc. 16). Petitioner did not file objections or respond to Respondent's objections. This Court conducted a *de novo* review of the Proposed Findings to determine the validity of Respondent's objections. See 28 U.S.C. § 636(b)(1).

Respondent does not object to the Magistrate Judge's conclusion that Petitioner's detention under 8 U.S.C. § 1226 was not unreasonable. Doc. 16 at 2. Rather, Respondent contends that the Petition was rendered moot when the Board of Immigration Appeals ("BIA") dismissed Petitioner's final administrative appeal on December 7, 2010. *Id*. at 2-3. Respondent argues that the BIA's decision "rendered the removal order administratively final" and that Petitioner therefore ceased to be held under § 1226. *Id*. The Court agrees with Respondent that Mr. Guerra's Petition is now moot. Accordingly, Mr. Guerra's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) **SHALL BE DISMISSED**.

The sole issue presented in the objections is whether the BIA's dismissal of Mr. Guerra's administrative appeal rendered the Petition moot. Respondent notes that the BIA's dismissal of Petitioner's appeal rendered his order of removal administratively final. *See* 8 C.F.R. § 1241.1(a). Petitioner therefore ceased to be held pursuant to 8 U.S.C. § 1226 – which applies solely to detainees awaiting a final order of removal – and is now being held pursuant to 8 U.S.C. § 1231. *Id*. Respondent argues that the Magistrate Judge should not have considered the reasonableness of Petitioner's detention under § 1226 because the BIA's decision removed Petitioner from the § 1226 framework. *Id*. at 3 ("Petitioner cannot make a claim for relief under 8 U.S.C. § 1226 because that statute no longer applies to his case.").

The Magistrate Judge concluded that the BIA's decision did not render the Petition moot because, at the time the Proposed Findings were filed, Mr. Guerra could still appeal the BIA's decision by filing a Petition for Review ('PFR') with the appropriate Circuit Court of Appeals. Doc. 15 at 5 n.2; 8 U.S.C. § 1252(b)(2). The Magistrate Judge explained that, should Petitioner appeal to the Court of Appeals, his detention would have reverted to the § 1226 framework. *Id*.; *see also Casas-Castrillon v. Dept't Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008) (holding that an alien's detention while awaiting judicial review of a properly filed PFR was not governed by 8 U.S.C. § 1231(a), but rather by the Attorney General's discretionary detention authority under 8 U.S.C. § 1226(a)). Respondent argues that, even if this is so, Mr. Guerra's Petition is still moot because he has not filed a PFR with a Circuit Court of Appeals. Doc. 16 at 3.

The Court finds that effective December 7, 2010 – the date of the BIA's dismissal of Mr. Guerra's final administrative appeal – Mr. Guerra's detention became governed by 8 U.S.C. § 1231. At that point, Mr. Guerra's sole means of challenging both his confinement and order of removal was to file a PFR with the proper Circuit Court of Appeals. There is no indication that a PFR was

filed and the time for doing so has passed.[1]  Therefore, Mr. Guerra's Petition is now moot.

**IT IS THEREFORE ORDERED** that Petitioner Francisco Javier Guerra's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED AS MOOT**.

Dated this 13th day of June, 2011.

                                             _____
                                             MARTHA VAZQUEZ
                                             UNITED STATES DISTRICT JUDGE

---

[1] Petitioner had 30 days from the BIA's dismissal to file a PFR with the Court of Appeals. 8 U.S.C. § 1252(b)(1). Mr. Guerra's deadline for filing a PFR was therefore January 6, 2011. *See* Doc. 16 at 3.